IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jimmy Duncan, ) | Civil Action No.: 8:08-248-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Vera Jenkins, Stan Burtt, Robert E. ) | |
| Ward, Deborah Rowe, Sgt. Franklin ) | |
| Jones, and John Ozmint ) | |
| | |
| Defendants. | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On April 25, 2008, the defendants filed a motion for summary judgment. On April 28, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the plaintiff's last known address, 113 Collins Street, Walterboro, South Carolina, 29488, advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The envelope containing this order was returned to the court as the plaintiff is apparently no longer at that address.

The record reveals that the plaintiff was advised by order dated February 4, 2008, of his responsibility to notify the court *in writing* if his address changed, and that he did in fact file a change of address on February 25, 2008, to the 113 Collins Street, Walterboro, South Carolina, 29484, address effective February 29, 2008.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
>
> (2) the amount of prejudice to the defendant;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). The Fourth Circuit has upheld dismissals of cases where pro se litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See, e.g., Woltz v. Chater*, 74 F.3d 1235 (4th Cir. 1996). As the plaintiff has failed to properly inform the court of his address change and failed to respond to the defendants' summary judgment motion, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for failure to notify the court of any change of address and lack of prosecution.

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

May 20, 2008

Greenville, South Carolina